RODERICK A. WRIGHT, *Plaintiff*
225 RIVEROAK DRIVE
FAYETTEVILLE, GEORGIA [30215]

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE STATE OF DELAWARE

| | |
|---|---|
| **RODERICK A. WRIGHT** an single man<br><br>*Plaintiff*<br><br>vs.<br><br>**BEAR STEARNS ARM TRUST 2007-2** ; a Delaware Statutory Trust **SPECIALIZED LOAN SERVICING LLC**, a Colorado limited liability Corporation;<br><br>*Defendant(s)* | CASE NO: **14-597**<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW,** the Plaintiff **RODERICK A. WRIGHT** to bring his Verified Complaint against the defendant(s) as follows;

**I.**                                **INTRODUCTION**

1. This action is brought by the Plaintiff for violations of the Fair Debt Collection Practices Act, 15 USC§1692, Declaratory and Injunctive Relief and Quiet Title.

**II.**                               **THE PARTIES**

2. Plaintiff "**RODERICK A. WRIGHT**" is now and at all times relevant to this action a citizen of the State of Georgia. Plaintiff is a "consumer" as that term is defined in 15 USC§1692a (3).

3. Defendant "**SPECIALIZED LOAN SERVICING LLC**" is a corporation formed under the State of Colorado. It has a principal place of business located at 8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129. Defendant

"SLS" holds itself out to be a loan servicer for Defendant "CITI". Defendant "CITI" are "debt collectors" as that term is defined by 15 USC§1692a (6), collecting an alleged "debt" as defined by 15 USC§1692a (5).

4. Defendant **BEAR STEARNS ARM TRUST 2007-2** ("BSAT") is a statutory trust formed under the laws of the State of Delaware. It has a principal place of business located at 1100 North Market Street, Rodney Square North Wilmington, DE 19801. Defendant "BSAT" is a REMIC pursuant to a Pooling and Service Agreement ("PSA") governed by NY Trust Law. (EPTL) Defendant "BSAT" are "debt collectors" as that term is defined by 15 USC§1692a (6), collecting an alleged "debt" as defined by 15 USC§1692a (5).

### III.                    JURISDICTION AND VENUE

5. The US District Court Eastern Division of New York has jurisdiction pursuant to 15 USC§1692*et*, al, and 15 USC§1681p*et*, al, and the court has concurrent jurisdiction over Plaintiff's tort state claims. Venue is proper as the defendant violations occurred in this state. This court also has subject matter jurisdiction pursuant to 28 USC§1332 because the named Plaintiff and the named Defendants are of diverse citizenship. Venue is proper in this court pursuant to 28 USC§1391(a) because Defendants conduct business in New York. Defendants have registered agents within this judicial district, within the meaning of 28 USC §1391 (a) as defined in§ 1391 (c).

### IV.                    FACTUAL ALLEGATIONS

6. Plaintiff brings this action regarding defendants "BSAT and SLS" conduct and behavior while attempting to collect an *alleged* debt they *claim* is due and owed them.

7. On or about September 15, 2006 the Plaintiff may have conducted a consumer transaction with now dissolved CountryWide Home Loans, ("CW")

however upon belief "CW" was not the source of the funds pursuant to transaction. Upon information and belief in June 25, 2008 "CW" went out of business. Plaintiff received no notification from "CW" regarding any alleged transfer, sale or assignment of the alleged debt.

8. On or about December 12, 2013, Plaintiff received a dunning notice from an attorney Aldridge Connors LLP in and for defendant "SLS" a debt collector posing as a servicer to alleged Mortgagee defendant "BSAT" in the amount of $1,221,944.92. (*see,* attached "Exhibit A") In response to defendants demands, Plaintiff served a "Notice of Dispute" pursuant to 15 USC§1692G.

9. Defendant "SLS" by and through their counsel Aldridge Connors LLP, proffered a response to Plaintiff's request. (*see,* attached "Exhibit B"). Defendant "SLS" through its attorney alleges in its second demand that plaintiff is indebted to defendant "BSAT" in the amount of $221,999.20 as a principal balance due on the alleged loan, which includes certain fees and costs. Defendant "SLS" second demand notice contains alleged amounts due and owing inapposite to their first dunning notice and demand for payment. Accordingly, there is a huge disparity in the alleged amounts due and owing, and plaintiff denies both amounts in its entirety.

10. Specifically in defendant's first demand letter (*see,* attached "Exhibit A") it is claimed the plaintiff owes a principal balance of $1,221,944.92. Accordingly, once challenged by plaintiff on the alleged debt, plaintiff asserts an entirely different amount of $221,999.20 as a total amount due and owing.

11. Consequently, plaintiff denies he is indebted to either defendant's, and obviously disputes the alleged amounts due and owing in its entirety. Plaintiff further denies any default of any alleged loan. Additionally plaintiff is entitled to trial and discovery to obtain evidence of defendant's allegation.

12. Defendants "SLS" and "BSAT" both strangers to the plaintiff, plaintiff has never entered into any agreement, contract and or credit transaction with either defendant. Plaintiff has no knowledge of either defendant having standing and or capacity to make demands upon him for any debt, and or threats to confiscate his real property. Upon information and belief both defendants are mere third party debt collectors, if even that. Therefore defendants are unable to act in a capacity as Creditor or Mortgagee, when no proof exists they are such.

13. Plaintiff has been harmed significantly by the contradictions in defendants "SLS" and "BSAT" confusing, conflicting information. Plaintiff has experienced anxiety, depression, distress, insomnia, anger and disorientation. For these reasons that plaintiff may be entitled damages as a result of defendants actions.

## V.     FIRST CAUSE OF ACTION
**VIOLATION OF 15 USC 1692g, FAIR DEBT COLLECTIONS PRACTICES ACT                    ("SLS & BSAT")**

14. Paragraphs 1-13 are re-alleged as though fully set out herein.

15. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

16. Plaintiff is a "consumer" as defined in 15 USC§1692a (3). Defendants "SLS and BSAT" are "debt collectors as defined in 15 USC§1692a (6). Defendants were attempting to collect a debt for "household purposes 15 USC§1692a (5).

17. Plaintiff served defendant and with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC§1692g requires defendant to provide Plaintiff with accurate verification and or validation of the alleged debt once received. 15 USC§1692g 5(b) requires defendant to cease all collection activity until the debt collector obtains such *verification/validation* of the alleged debt. Defendant's failed to provide one scintilla of proof of their alleged debt. However defendant continues to attempt collection of the debt through erroneous credit reporting.

18. Defendant's appear to have violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violations include, but are not limited to the following;

    a. Defendants appear to have violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b. Defendants appear to have violated §1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt; using unfair or unconscionable means to collect or attempt to collect a debt.

    c. Defendant appear to have violated§1692f; 6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

    (B) there is no present intention to take possession of the property; or

    (C) the property is exempt by law from such dispossession or disablement.

    d. Defendants appear to have violated the 15 USC§1692e (8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired."

    e. Defendant's appear to have violated 1692e which states in part;

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt".

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

19. Defendants conflicting dunning notices and amounts due and owing demonstrated in Plaintiff's exhibits appear to be violations of the above mentioned statutes. Furthermore, plaintiff asserts defendants claims of credit, mortgagee, and Lender status must be determined by admissible evidence, trial and discovery.

20. Wherefore defendants are liable to Plaintiff pursuant to 1692k for actual damages, costs, and attorney fees, actual and punitive damages, and any other such costs deemed appropriate by the court.

**VI.         FOURTH CAUSE OF ACTION**
**NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT**
**("SLS AND BSAT")**

21. Paragraphs 1-20 are re-alleged as though fully set out herein.

22. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

23. Defendant "SLS & BSAT" acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

24. Defendant violated all of the duties it had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently. It was foreseeable, and Defendants and each of them did in fact foresee it, the actions of Defendant "SLS & BSAT" would lead and did lead to the exact type of harm suffered by Plaintiffs.

25. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint. Defendant invaded the privacy of Plaintiff as set forth by federal law, Ohio and Georgia law respectively. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the

damages set forth in this complaint. As a result of this conduct, deceptive actions, and inaction of defendant, Plaintiff has suffered damages as set forth in this Complaint.

26. Wherefore Plaintiff is entitled to actual, consequential, punitive, and any such other damages the court deems necessary.

| VII. | **FIFTH CAUSE OF ACTION**<br>**DECLARATORY RELIEF** |
|---|---|

27. Paragraphs 1-26 are re-alleged as though fully set out herein.

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

29. An actual controversy has arisen and now exists between Plaintiff and defendants, and each of them, concerning their respective rights and duties to Plaintiff's real property free and clear of any express or implied interest claimed by defendants, and each of them, while defendants contend they hold a trust interest in Plaintiff's real property as a result of their allegations.

30. Plaintiff seeks a judicial determination of whether defendants have an enforceable interest in Plaintiffs real property in order that Plaintiff may ascertain its rights to encumber, sell and otherwise dispose of this real property.

31. A judicial determination of the rights and responsibilities of the parties over the real property in question is necessary and appropriate at this time in that the uncertainty over the issue of whether defendants, and each of them, have an enforceable interest in Plaintiff's real property. Plaintiff also desires the court to make a determination of the authenticity of defendants dunning notices alleging their creditor status.

//////

//////

//////

**VIII.**                 **SIX CAUSE OF ACTION**
**QUIET TITLE ACTION**
(BSAT)

32. Paragraphs 1-38 are re-alleged as though fully set out herein.

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34. Defendant "BSAT claims to be a creditor, having interest in plaintiff's real property. Accordingly, Plaintiff denies any debt owed resulting in any encumbrance and or lien on the subject property.

35. Plaintiff seeks in this action to quiet title against the defendants claim and each of them. The claims of defendant "BSAT and "SLS" and each of them are without merit and defendants have no right, title, or interest whatsoever in the above-described real property or any part thereof. Plaintiff seeks to quiet title in the aforementioned real property solely in its name, free and clear of any claimed interest by defendants, and each of them, and seeks to so quiet title as of the date of the commencement of this action.

**IX.**                 **SEVENTH CAUSE OF ACTION**
**INJUNCTIVE RELIEF**
(ALL DEFENDANTS)

36. Paragraphs 1-35 are re-alleged as though fully set out herein.

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

38. At all times herein relevant, defendants, and each of them, have wrongfully and unlawfully threatened: (1) Plaintiffs quiet enjoyment and use of its real property.

39. Not only will defendants threatened conduct cause great and irreparable harm to Plaintiff unless and until enjoined, but that same threatened conduct will cause great and irreparable harm plaintiff's family and business.

40. Consequently if an injunction does not issue restraining and enjoining defendants, and each of them, from disrupting plaintiff's peaceful and quiet enjoyment of his real property, plaintiff will be subject harassment, oppression, and possible loss of his real property without judicial oversight.

41. Plaintiff has no adequate remedy at law for the injuries that will result from the threatened conduct of defendants, and each of them, in that it will be impossible for Plaintiff to calculate the precise amount of damages it will suffer if defendants conduct is not enjoined and restrained.

Dated: May 1, 2014

*[signature]*
Roderick Wright, *Plaintiff*
225 RIVEROAK DRIVE
FAYETTEVILLE, GA
[30215]

# EXHIBIT A
# FIRST DUNNING LETTER SLS AND BSAT

ALDRIDGE CONNORS, LLP
15 Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Telephone: (404) 994-7400

January 20, 2014

Roderick A. Wright
225 Riveroak Drive
Fayetteville, GA 30215

| | |
|---|---|
| Servicer's Loan Number: | 1006610848 |
| Our File Number: | 1087-710A |
| Property Address: | 225 Riveroak Drive Fayetteville GA 30215 |

Dear Borrower:

### PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Our firm has been retained to represent Specialized Loan Servicing in connection with the above-referenced loan.

As of **1/13/2014** the amount owed on the above-referenced loan is **$1,221,944.92**. Please note, however, that the amount shown may not include attorney's fees and/or certain costs. Additionally, the amount shown will not include amounts that may accrue after 1/13/2014. Accordingly, prior to submitting any funds please contact our office at (404) 994-7400 for an updated payoff quote.

The debt is owed to **Wilmington Trust, National Association, as Successor Indenture Trustee, to Citibank, N.A. as Indenture Trustee of Bear Stearns ARM Trust 2007-2, Mortgage-Backed Notes, Series 2007-2**, the current owner of the loan. Specialized Loan Servicing is authorized to collect payment on your loan.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed valid. If you notify us in writing within the thirty (30) day period that the debt or any portion thereof is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Too, upon your written request within the thirty (30) day period, we will provide you with the name and address of the original creditor, if different from the current creditor. Please know that although you have 30 days to dispute the debt, we are not required to suspend collection activities during that time.

You have received this notice because you signed the Security Deed associated with the loan at issue and are defined as a "Borrower" or grantor under the terms of said Security Deed. If you did not sign the associated Note, this is not an attempt to collect the debt from you. As such, our action is strictly limited to a possible foreclosure of the above-referenced property.

Finally, in the event you have received a discharge in a Chapter 7 bankruptcy case, that discharge may have extinguished any personal liability you may have had for this loan. In such event, any action taken would be limited to the foreclosure on the above-referenced property **and would not be an attempt to collect the debt personally**. If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by your lender, please **immediately** fax your bankruptcy information to (888) 529-9214 or e-mail such bankruptcy information to bkcase@aclawllp.com.



Sincerely,
ALDRIDGE CONNORS, LLP

# EXHIBIT B
# SECOND DUNNING LETTER SLS AND BSAT


ALDRIDGE | CONNORS
LLP

Atlanta | Delray Beach

3/27/2014

Roderick A. Wright
225 Riveroak Drive
Fayetteville, GA 30215

RE: Your debt dispute
Our File Number: 1087-710A
Our Client/Your Servicer: Specialized Loan Servicing
Servicer's Loan Number: 1006610848
Property: 225 Riveroak Drive, Fayetteville, GA 30215

**PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dear Roderick A. Wright:

In response to your letter dated February 10, 2014, this letter serves as a verification of the debt owed to Wilmington Trust, National Association, as Successor Indenture Trustee, to Citibank, N.A. as Indenture Trustee of Bear Stearns ARM Trust 2007-2, Mortgage-Backed Notes, Series 2007-2. Specialized Loan Servicing is authorized to collect payment on your loan. Please find enclosed copies of the Note and Security Deed that were signed by you at the time of closing. These documents also provide you with the name and address of the original lender.

The amount owed on this loan through March 28, 2014 is $221,999.20. A breakdown of this amount is as follows:

| | |
|---|---|
| Principal Balance | $ 202697.44 |
| Interest Calculated to 03/28/14 | $ 12873.58 |
| Escrow/Impound Advance Balance | $ 1220.14 |
| Recording Fee | $ 26.00 |
| Outstanding Fees/Corp. Advances | $ 5194.04 |
| Unapplied Funds Credit | $ -12.00 |

Fifteen Piedmont Center
3575 Piedmont Road, NE
Suite 500
Atlanta, GA 30305
P: 404.994.7400
F: 888.246.7307

This amount does not include the attorney fees and costs for the current foreclosure action for which you may be responsible. To obtain an updated payoff figure or the amount needed to bring your loan current, please contact our office.

**Specialized Loan Servicing** is the entity or individual designated, who shall have full authority to negotiate, amend and modify all terms of the mortgage pursuant to established guidelines.

**Specialized Loan Servicing**
**Customer Assistance**
**8742 Lucent Blvd**
**Suite 300**
**Highlands Ranch, CO 80129**
**800-306-6059**

Note, however, that such entity or individual is not required by law to negotiate, amend or modify the terms of the loan.

This letter satisfies any verification obligation we may have under the Fair Debt Collection Practices Act. Your correspondence has been forwarded to our client for further review of your other claims and demands. If you have any further questions or concerns, please do not hesitate to contact our office.

        Sincerely,
        Aldridge Connors, LLP

        By: _____

Enclosures

## CERTIFICATE OF SERVICE

I certify that a copy of the Summons and Complaint will be served upon defendant(s) party listed below in compliance with FRCP Rule 4;

Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129

Bear Stearns Arm Trust 2007-2
1100 N. Market Street
Wilmington, DE 19890





FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

# PRIORITY MAIL®

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE
* Domestic only

**USPS TRACKING #**

*UNITED STATES POSTAL SERVICE®*

9114 9011 8986 6455 6469 93

LAB400R Aug. 2013
7690-17-000-0669

EP14F July 2013
OD: 12.5 x 9.5

0000 1000 0014

UNITED STATES POSTAL SERVICE 1006 19801

MAY 09 '14
AMOUNT
$5.60
00098426-11

FROM:
Roderick Wright
225 Rivercak Drive
Fayetteville, Ga. 30215

TO:
US District Court of Delaware
844 N. King Street #18
Wilmington, DE 19801

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

*UNITED STATES POSTAL SERVICE®*

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.